# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-301-RJC-DCK

| | |
|---|---|
| QUINSTON ANDERSON,<br><br> Plaintiff,<br><br>v.<br><br>THE RAYMOND CORPORATION,<br><br> Defendant. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Defendant To Make Complete Disclosures Required By Rule 26 And Provide Complete Responses To Plaintiff's Interrogatories And Request For Production Of Documents" (Document No. 25) filed February 14, 2011, and "Plaintiff's Motion For Enlargement Of Time To File Reply" (Document No. 31) filed March 22, 2011. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> the motions.

Defendant The Raymond Corporation ("Defendant") responded to the "Plaintiff's Motion To Compel..." and, in short, reported to the Court that the motion to compel was moot because the parties had reached an agreement. (Document No. 28). Plaintiff Quinston Anderson ("Plaintiff") failed to file a timely reply brief, and the time to do so lapsed on March 14, 2011.[1]

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

On March 22, 2011, Plaintiff filed its pending "...Motion For Enlargement Of Time To File Reply" (Document No. 31). Plaintiff's motion reports that the "parties have substantially narrowed the discovery issues raised in Plaintiff's motion to compel [and] that should consequently reduce the needed involvement of the court." (Document No. 31, p.1). Plaintiff also notes that Defendant has consented to the motion, on the condition that Defendant is allowed to file a response to his proposed reply.

Under the circumstances, the undersigned finds that the pending motions should be denied. To the extent the parties are unable to completely resolve their discovery issues, Plaintiff may file a new motion to compel. It appears to the Court that a renewed motion, if necessary, is more efficient than an untimely briefing, followed by a sur-reply, regarding a motion that one party contends is moot and the other party concedes has discovery issues that have been "substantially narrowed."

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Defendant To Make Complete Disclosures Required By Rule 26 And Provide Complete Responses To Plaintiff's Interrogatories And Request For Production Of Documents" (Document No. 25) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For Enlargement Of Time To File Reply" (Document No. 31) is **DENIED**.

Signed: March 22, 2011

David C. Keesler
United States Magistrate Judge