# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-301-RJC-DCK

QUINSTON ANDERSON,

        Plaintiff,

v.

THE RAYMOND CORPORATION,

        Defendant.

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Defendant To Provide Complete Responses To Plaintiff's Interrogatories And Request For Production Of Documents" (Document No. 34) filed April 26, 2011. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

Defendant The Raymond Corporation ("Defendant") filed a timely response to "Plaintiff's Motion To Compel..." and, in short, contends that Plaintiff's second motion to compel is another "needless 'rush to the courthouse.'" (Document No. 35). Defendant argues, *inter alia*, that: (1) Plaintiff failed to properly confer prior to filing the instant motion; (2) before the filing of the motion, Defendant agreed to expand its production of documents and information, and has done so; (3) the requests subject to the motion are overly broad and unduly burdensome; and (4) Defendant's production to date has been consistent with the parties' agreement on or about January 24, 2011. <u>Id.</u>

Plaintiff Quinston Anderson ("Plaintiff") failed to file a timely reply brief, and the time to do so lapsed on May 23, 2011.[1] The undersigned observes that Plaintiff also failed to file a reply brief, or inform the Court that he did not wish to file one, regarding his previous motion to compel (Document No. 25), and he was subsequently reminded by the Court of the requirement of Local Rule 7.1(E).  See (Document No. 32).

Under the circumstances, the Court lacks sufficient information to rule on Plaintiff's motion. As with Plaintiff's previous motion to compel, according to Defendant's response, it appears that the issues have been sufficiently narrowed, and perhaps resolved; however, with no reply from Plaintiff, it is unclear what contested issues remain.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Defendant To Provide Complete Responses To Plaintiff's Interrogatories And Request For Production Of Documents" (Document No. 34) is **DENIED WITHOUT PREJUDICE**.

Signed: June 6, 2011

David C. Keesler
United States Magistrate Judge

---

[1] "The filing of a reply brief is not mandatory. . . .  If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).