# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10-cv-301-RJC-DCK

| | |
|---|---|
| QUINSTON ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| THE RAYMOND CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Quinston Anderson's ("Plaintiff") "Consent Motion for a Stay." (Doc. No. 43). Despite Plaintiff's label, Defendant The Raymond Corporation ("Defendant") does not consent to Plaintiff's motion. (Id.).

## I. BACKGROUND

Plaintiff brought suit against Defendant after being injured in a collision between two of Defendant's material handling trucks at his employer Welspun USA's ("Employer") warehouse. (Doc. No. 43). Plaintiff has an ongoing workers compensation claim against Employer. (Id.). But "[t]he current action is one for product liability and failure to warn against the manufacturer, [Defendant]. [Employer] entered an appearance to protect any rights it has with regard to the workers compensation lien." (Id.).

Plaintiff and Defendant have "arrived" at a settlement. (Id.). But because the settlement agreement obligates Plaintiff to repay Employer for any workers compensation lien, Plaintiff moves to stay this case in order to first attempt to settle his workers compensation case with Employer. (Id.). It is unclear whether: (1) Plaintiff and Defendant have actually executed their settlement agreement, (2) the settlement clearly identifies any sum to be paid to Plaintiff or

includes a confidentiality agreement, (3) Defendant is willing to have judgment entered against it in accordance with the parties' settlement, or (4) Defendant made an offer of judgment consistent with Federal Rule of Civil Procedure 68, which Plaintiff accepted.

## II. ANALYSIS

### A. Motion to Stay

Plaintiff moves to stay this case until December 5, 2011 to allow him to attempt to resolve his workers compensation dispute with Employer. (Id.). The trial in this matter is not scheduled until January 23, 2011. Thus, a stay is unnecessary in order for Plaintiff to accomplish his settlement goals. Plaintiffs' motion, (Doc. No. 43), is **DENIED**.

### B. Mootness

The Court has an obligation to investigate whether it has subject-matter jurisdiction *sua sponte*. Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604, 608 n.6 (1978). A court loses its subject-matter jurisdiction where a case has become moot. Davis v. Fed. Election Comm'n, 554 U.S. 724, 733 (2008). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Davis, 554 U.S. at 732. A case becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal citations and quotations omitted). Likewise, "[t]he settlement of an individual claim typically moots any issues associated with it." United Airlines, Inc. v. McDonald, 432 U.S. 385, 400 (1977). But the Fourth Circuit has held that a settlement does not moot a claim where: (1) the defendant does "not offer for judgment to be entered

against [it];" (2) the defendant's offer is "ambiguous as to the amounts of actual and liquidated damages to be recovered;" or (3) the defendant conditions the settlement on the plaintiff agreeing to keep the settlement confidential. Simmons, 634 F.3d at 764-67.

This case must be dismissed for lack of subject matter jurisdiction if Plaintiff and Defendant's settlement has mooted the controversy between the parties.[1] The Court, however, lacks sufficient information to determine whether Defendant has offered Plaintiff to settle the case without the above caveats. Therefore, the Court orders Plaintiff and Defendant to brief this issue. Because the issue turns on Defendant's offer, the Court will give Defendant the first opportunity to address the Court. The Court orders Defendant to brief these issues within fourteen (14) days of the date of this Order. Plaintiff will then have fourteen (14) days to respond from the date Defendant files his brief. Replies will be permitted only by leave of Court.

---

[1] This case must also be dismissed if Plaintiff has accepted an Offer of Judgment from Defendant, made in compliance with Federal Rule of Civil Procedure 68(a). Simmons, 634 F.3d at 763-64.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Consent Motion for a Stay," (Doc. No. 43), is **DENIED**;

2. Plaintiff and Defendant shall brief the issue of whether this case is moot.

Signed: October 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge